

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2005

# USA v. Morris

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3050

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Morris" (2005). *2005 Decisions*. Paper 505.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/505

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3050

UNITED STATES OF AMERICA

v.

CLEVELAND MORRIS,
a/k/a SHYEM KHALIL MORRIS

Cleveland Morris,

Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

District Court No. 03-cr-00711
District Court Judge: The Honorable R. Barclay Surrick

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2005

Before: ALITO, FUENTES, and CHERTOFF,[*] Circuit Judges

(Opinion Filed: September 23, 2005)

---

[*]Judge Chertoff resigned prior to the vacatur of this panel's earlier decision. On remand, this case was decided by a quorum of the original panel. See 28 U.S.C. § 46(d).

OPINION OF THE COURT

PER CURIAM:

This case returns to us on remand from the Supreme Court of the United States, which vacated this Court's decision dismissing Cleveland Morris's appeal from his sentence in a criminal case. See Morris v. United States, 125 S. Ct. 1959 (2005). The Supreme Court instructed us to reconsider our decision in light of United States v. Booker, 125 S. Ct. 738 (2005). Having carefully reconsidered it, we conclude that our earlier order was correct, and we again dismiss Morris's appeal for lack of jurisdiction.

Our decision is constrained by United States v. Lockett, 406 F.3d 207 (3d Cir. 2005). The Court there held that "where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to appeal, the defendant is not entitled to resentencing in light of Booker." Id. at 214. The Court explained that the knowingness and voluntariness of a plea are not vitiated just because the defendant could not foresee that the Supreme Court would later grant him a right to challenge the mandatory application of the Guidelines to his case. See id. at 213-14. Since the terms of Morris's guilty plea mirror those in Lockett, see id. at 212-13, Morris has similarly waived his right to challenge his sentence.

Morris argues that his appeal may proceed under an exception set forth in the plea agreement for sentences that "exceed the statutory maximum," but the sentence he

2

received did not trigger that exception. At his plea colloquy, Morris clearly admitted to having been "a convicted felon in possession of a firearm." Tr. at 8; see also id. at 17-18. This crime, a violation of 18 U.S.C. § 922(g)(1), carries a maximum sentence of ten years of imprisonment. See id. § 924(a)(2). Morris acknowledged at the plea colloquy that this was the maximum sentence he faced. Tr. at 9. The sentence he actually received, 90 months, thus fell well shy of the maximum he could have received based on the facts he admitted at the colloquy. Because his sentence does not come within one of the exceptions set forth in the plea agreement, Morris's appeal is foreclosed and must be dismissed.